980 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Irwin LENTCHNER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-1121.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 30, 1992
Decided: December 1, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. John A. MacKenzie, Senior District Judge. (CA-91-67-4)
 Lee Edward Wilder, Rutter & Montagna, Norfolk, Virginia, for Appellant. William Brian Reeser, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pennsylvania, for Appellee.
 Eileen Bradley, Chief Counsel, Region III, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pennsylvania; Kenneth E. Melson, United States Attorney, J. Phillip Krajewski, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This is an appeal from a district court order adopting the report and recommendation of the magistrate judge and affirming the Secretary's revocation of claimant's ("Lentchner") disability insurance benefits. Benefits were revoked based on the administrative law judge's ("ALJ") finding that Lentchner was engaged in"substantial gainful activity" on or before September 30, 1978, the date his insured status expired, and therefore, was not disabled within the meaning of the Social Security Act. The ALJ held that during the time period in question, Lentchner's involvement in the operation of the family business ("Bagelmania") constituted "substantial gainful activity." Specifically, the ALJ found that Lentchner baked bagels, operated the store, made managerial decisions, negotiated contracts, and ordered supplies. Because we find that the ALJ's decision is supported by substantial evidence, we affirm. See Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990).
 
 
 2
 Lentchner was awarded disability insurance benefits on April 11, 1980, based upon the ALJ's finding that he suffered from pulmonary alveolar proteinosis. After receiving anonymous complaints that Lentchner was working while receiving disability benefits, the Secretary initiated an investigation of Lentchner's activities. The investigation disclosed, inter alia, that Lentchner had worked regularly at Bagelmania since 1977, and later worked at a second family business ("Computermania"). In fact, while working at Computermania, Lentchner even attempted to sell cordless telephones to a federal agent posing as a customer. Accordingly, the Secretary reopened Lentchner's case in 1987.
 
 
 3
 In 1989, a second disability hearing was held, and, on August 17, 1989, the ALJ found that Lentchner had been performing "substantial gainful activity" during, and after, the onset of his alleged disability-initially at Bagelmania and later at Computermania. The record reflects that the ALJ relied largely on the testimony and statements of Lentchner in finding that he was not disabled. Indeed, Lentchner's own admissions abundantly support the ALJ's finding that he was involved in "substantial gainful activity" up to, and beyond, the date his insured status expired. Accordingly, the revocation of disability insurance benefits is supported by substantial evidence. Therefore, the judgment of the district court is affirmed.
 
 AFFIRMED